## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR-353-ALM |
| | § | |
| MIREYA VAZQUEZ-ARREDONDO (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Mireya Vazquez-Arredondo's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 15, 2022, to determine whether Defendant violated her supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Sean Taylor.

Defendant was sentenced on May 18, 2021, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Reentry of Deported Alien, a Class E felony. This offense carried a statutory maximum imprisonment term of 2 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of III, was 10 to 16 months. Defendant was subsequently sentenced to 10 months imprisonment followed by a 1-year term of supervised release subject to the standard conditions of release, plus special conditions to include: as a condition of supervised release, immediately upon release from confinement, you must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. On June 23, 2021, Defendant completed her period of imprisonment and began service of the supervision term.

On February 14, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 42, Sealed]. The Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame; and (3) As a condition of supervised release, immediately upon release from confinement, you must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, you must remain outside the United States. In the event you are not deported, or for any reason re-enter the country after having been deported, you must comply will all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country [Dkt. 42 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On February 5, 2022, Defendant was arrested by the Mount Pleasant, Texas Police Department and charged with the offense of Driving While Intoxicated (Class B Misdemeanor) in violation of Texas Penal Code 49.04. She was also issued a citation for the offenses of Alcoholic Beverage Open Container, No Driver's License, Failure to Show Proof of Financial Responsibility, and Possession of Drug Paraphernalia (marijuana/0.7 grams); (2) Defendant failed to report to the U.S. Probation Office within 72 hours of her release from imprisonment; and (3) Defendant failed to report to an Immigration and Customs Enforcement (ICE) Office upon her release from custody on June 23, 2021 [Dkt. 42 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 2 and 3 of the Petition. The Government dismissed allegation 1 of the Petition. Having considered the Petition and the plea of true to allegations 2 and 3, the Court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this Court [Dkts. 51; 52].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of six (6) months, with a term of supervised release of six (6) months to follow.

The Court further recommends the imposition of the following special conditions: (1) As a condition of supervised release, immediately upon release from confinement, you must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, you must remain outside the United States. In the event you are not deported, or for any reason re-enter the country after having been deported, you must comply will all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country; and (2) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 21st day of March, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE